NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

KEOSHA C.,
*Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, N.M., O.M.,
*Appellees*.

No. 1 CA-JV 16-0492
FILED 6-1-2017

Appeal from the Superior Court in Maricopa County
No. JD527171
The Honorable Timothy J. Ryan, Judge

**AFFIRMED**

COUNSEL

Law Office of Ed Johnson, PLLC, Peoria
By Edward D. Johnson
*Counsel for Appellant*

Arizona Attorney General's Office, Mesa
By Amanda L. Adams
*Counsel for Appellee DCS*

## MEMORANDUM DECISION

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Patricia K. Norris and Judge Maurice Portley joined.[1]

J O H N S E N, Judge:

**¶1**         Keosha C. ("Mother") appeals the superior court's order severing her parental rights to N.M. and O.M.  For the following reasons, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**         N.M. was born in August 2014.[2]  Eight months before, the superior court had found Mother's three other children dependent.[3]  By the time O.M. was born in August 2015, the Department of Child Safety ("DCS") had moved both to terminate Mother's parental rights to her three oldest children and to declare N.M. dependent.  In October 2015, the court granted DCS's motion to terminate Mother's parental rights to the three oldest children.  After Mother was arrested for drug possession and burglary a month later, N.M. and O.M. were removed from her care.

**¶3**         DCS moved to terminate Mother's parental rights to N.M. and O.M. in May 2016.  After a one-day severance hearing in November 2016, the court terminated Mother's parental rights on the grounds of six months' time-in-care under Arizona Revised Statutes ("A.R.S.") section 8-533(B)(8)(b) (2017) and prior termination of parental rights under A.R.S. §

---

[1]     The Honorable Maurice Portley, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article VI, Section 3 of the Arizona Constitution.

[2]     We view the facts and draw all reasonable inferences in the light most favorable to upholding the superior court's order.  *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 282, ¶ 13 (App. 2002).

[3]     That dependency commenced after one of Mother's other children, an infant, accidentally suffocated in a bed shared by his grandmother and "several" other children.

8-533(B)(10).[4]  Mother timely appealed.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, A.R.S. §§ 8-235(A) (2017), 12-2101 (2017) and Arizona Rule of Procedure for the Juvenile Court 103(A).

## DISCUSSION

¶4        The right to custody of one's child is fundamental but not absolute.  *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 248, ¶¶ 11-12 (2000).  The superior court may terminate a parent-child relationship upon clear and convincing evidence of at least one of the statutory grounds set out in A.R.S. § 8-533(B).  *Michael J.* 196 Ariz. at 249, ¶ 12.  Additionally, the court must find by a preponderance of the evidence that termination is in the child's best interests.  *Kent K. v. Bobby M.*, 210 Ariz. 279, 284, ¶ 22 (2005).

¶5        We review a termination order for an abuse of discretion and will affirm unless no reasonable evidence supports the court's findings.  *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 47, ¶ 8 (App. 2004).  Because the superior court is in the best position to "weigh the evidence, observe the parties, judge the credibility of witnesses, and make appropriate findings," we will accept its findings of fact unless no reasonable evidence supports them.  *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 4 (App. 2002).  On appeal, this court will affirm a severance order unless it is clearly erroneous.  *Id.*

¶6        As relevant here, parental rights may be terminated on time-in-care grounds if:

> [t]he child who is under three years of age has been in an out-of-home placement for a cumulative total period of six months or longer pursuant to court order and the parent has substantially neglected or willfully refused to remedy the circumstances that cause the child to be in an out-of-home placement, including refusal to participate in reunification services offered by the department.

A.R.S. § 8-533(B)(8)(b).

¶7        Under the statute, the "circumstances that cause the child to be in an out-of-home placement" are those that exist at the time of the

---

[4]        Absent material revision after the relevant date, we cite a statute's current version.

severance, not at the time of the filing of the petition. *Marina P. v. Ariz. Dep't of Econ. Sec.*, 214 Ariz. 326, 330, ¶ 22 (App. 2007).

**¶8** Mother argues the superior court erred in severing her parental rights pursuant to A.R.S. § 8-533(B)(8)(b) because N.M. and O.M. had not been in an out-of-home placement for a cumulative total period of six months at the time DCS moved to terminate her parental rights. DCS removed O.M. and N.M. from Mother's custody on November 10, 2015, and moved to terminate her parental rights on May 12, 2016, just past the six-month mark. Mother contends, however, that under A.R.S. § 8-533(E), the children had been in an out-of-home placement just over four months at the time DCS moved to terminate her rights.

**¶9** "The applicability of a statute is an issue of law that we review de novo." *Stein v. Sonus USA, Inc.*, 214 Ariz. 200, 201, ¶ 3 (App. 2007). Under A.R.S. § 8-533(E), in considering the six-months' time-in-care ground, "the court shall not consider the first sixty days of the initial out-of-home placement pursuant to § 8-806 in the cumulative total period." But the two-month "safe harbor" expressly applies only when the child originally has come into DCS care through a voluntary placement. *See* A.R.S. § 8-806 (2017).

**¶10** At no point in the severance hearing did Mother offer facts that would allow the court to conclude that she had voluntarily placed either child with DCS. Instead, the evidence was that DCS took the children into care after Mother was arrested, and Mother does not argue to the contrary on appeal. Accordingly, the period of out-of-home care began at the time DCS removed each child from Mother's care on November 10, 2015, and the superior court did not err in finding each child had been in an out-of-home placement for a cumulative total period of six months or longer at the time that DCS moved to terminate Mother's parental rights.[5]

**¶11** Alternatively, Mother argues there is no clear and convincing evidence to support the court's finding that she substantially neglected or

---

[5] The opening brief at page seven misleadingly paraphrases A.R.S. § 8-533(E) twice by omitting the statute's express reference to the voluntary placement statute, A.R.S. § 8-806. We remind counsel of his on-going ethical obligation of candor to the court and his obligation to refrain from knowingly making a false statement of law to the court. *See generally* Ariz. R. Sup. Ct. 42, ER 3.3(a)(1). The court looks unfavorably on such conduct by counsel.

willfully refused to remedy the circumstances that caused the children's out-of-home placement.

¶12 To the contrary, reasonable evidence supports the superior court's finding that Mother refused to participate in the reunification services DCS offered. Whether a parent has substantially neglected or willfully refused to remedy the circumstances that cause a child's out-of-home placement focuses on the "level of the parent's efforts to cure the circumstances rather than the parent's success in actually doing so." *Marina P.*, 214 Ariz. at 329, ¶ 20.

¶13 In November 2015, DCS referred Mother to Bayless Behavioral Health. During her intake at Bayless, Mother reported she "sometimes see[s] things that aren't there" and "has had conversations with people that aren't there." Eventually, she was diagnosed with, among other things, "Schizoaffective Disorder Bipolar Type" and "Posttraumatic Stress Disorder." But Bayless discontinued her treatment after just a month because she failed to consistently attend her therapy appointments. Although Mother reengaged in treatment with Bayless early in February 2016, her therapist reported Mother often took "therapy lightly and did not want to address DCS['s] . . . goals or [her] individually established goals." As a result, Bayless discontinued her treatment again on March 24, 2016.

¶14 In October 2016, DCS referred Mother for another psychological evaluation. There, she reported suffering from "intrusive thoughts that are difficult to suppress or control," as well as "auditory hallucinations." Despite the presence of these symptoms, however, Mother told the psychologist she did not believe she needed individual counseling. Based on this record, the court did not err in finding that Mother failed to demonstrate the requisite effort to manage her mental illness.

¶15 Additionally, Mother failed to consistently attend parent-aide services. She was assigned a parent aide in December 2015, which allowed Mother to visit O.M. and N.M. twice a week. As a result of Mother's poor attendance at her visitation sessions, however, those services were closed out in March 2016. When parent-aide services were started up again in June 2016, Mother attended visits with N.M. and O.M. regularly, but failed to consistently attend her one-on-one parenting-skills sessions. Indeed, in August 2016, Mother attended only two of the five scheduled one-on-one skills sessions, dozing off toward the end of one and ending the other early.

¶16 Based on this record, sufficient evidence supported the superior court's finding that Mother substantially neglected or willfully

refused to remedy the circumstances that caused the children's out-of-home placement.

**¶17**        Lastly, Mother argues DCS did not make a diligent effort to provide appropriate reunification services.  When severance is sought on time-in-care grounds, the superior court must find that the agency responsible for the care of the child, in this case DCS, "has made a diligent effort to provide appropriate reunification services."  A.R.S. § 8-533(B)(8). DCS provided Mother with the following services: Psychological evaluation, parent aide, facilitated visitation, case management, transportation and drug testing.  Mother points to no facts or relevant legal authority to support her argument that DCS made anything less than a diligent effort to provide appropriate reunification services.  Accordingly, the superior court did not err in finding DCS complied with its statutory obligation.[6]

**CONCLUSION**

**¶18**        For the foregoing reasons, we affirm the superior court's order severing Mother's parental relationships with N.M. and O.M.[7]



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

[6]        We may affirm the order of termination on any one of the statutory grounds on which the superior court ordered severance.  *Jesus M.*, 203 Ariz. at 280, ¶ 3.

[7]        Mother does not argue that termination is not in the children's best interests.